F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BIGLER JOBE STOUFFER, II,

     Petitioner-Appellant,

v.

JOHN WHETSEL, Sheriff; STATE OF
OKLAHOMA; ROBERT B. BERRY,
Unit Manager,

     Respondents-Appellees.

No. 01-6207

(D.C. No. 01-CV-507-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Petitioner Bigler Jobe Stouffer, II, an Oklahoma pretrial detainee appearing pro se,

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

seeks a certificate of appealability (COA) to challenge the district court's dismissal without prejudice of his 28 U.S.C. § 2241 habeas petition. We deny a COA and dismiss the appeal.

In 1985, Stouffer was convicted in state court of shooting with intent to kill, for which he was sentenced to life imprisonment, and first degree murder, for which he was sentenced to death. He sought and was granted conditional federal habeas relief. See Stouffer v. Reynolds, 214 F.3d 1231, 1232-35 (10th Cir. 2000). The district court concluded, and this court agreed, that Stouffer was denied effective assistance of counsel at both the guilt and the penalty phases of trial, and was thus entitled to a new trial.

In March 2001, while awaiting retrial in state court, Stouffer again sought federal habeas relief. Although his pleadings were vague, he generally complained that the State of Oklahoma and its agents were "withhold[ing] access to the courts of justice," that the attorney appointed to represent him at his retrial was operating under a conflict of interest, and that he would be "irreparably prejudiced" if he was required "to proceed to trial on the merits with the 1985 preliminary hearing record." ROA, Docs. 9, 11, and 18. Stouffer sought an emergency stay of his retrial in state court to allow the federal court to address the alleged constitutional violations.

The case was initially assigned to a magistrate judge, who recommended that the district court abstain from considering the claims and interfering with ongoing state proceedings, pursuant to Younger v. Harris, 401 U.S. 37 (1971). Over Stouffer's

2

objections, the district court accepted the magistrate's recommendation and dismissed the action without prejudice.

In Younger, the Supreme Court held that it was improper for a federal court to interfere with ongoing state criminal proceedings absent irreparable injury that is both great and immediate. 401 U.S. at 46. Although Stouffer alleges he is being subjected to constitutional deprivations that will cause him irreparable injury if not immediately addressed by this court, we disagree. Stouffer's contentions, if true, clearly can be raised and addressed on appeal if he is again convicted upon retrial. The "fundamental policy against federal interference with state criminal prosecutions" mandates that federal adjudication of Stouffer's claims be postponed until such time as the exercise of federal jurisdiction will not seriously disrupt ongoing state judicial proceedings. Id.

We DENY Stouffer's application for a COA, DENY his request to proceed on appeal in forma pauperis, and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge